PRATT *against* FOOTE.

Upon the trial of a cause before a judge, a general exception to the decision of the judge drawing a single conclusion of law from an undisputed state of facts, is available on appeal.

Where there is no conflict or uncertainty of evidence, the conclusion to be drawn from the facts proved is a question of law, and as such is reviewable in this court.

One offered to a bank, in payment of a note nearly due, a check drawn upon the bank by one of its own customers; the bank declined to accept it as payment, but consented to retain and apply it to the note if the check were made good on the day the note fell due. On that day a balance appeared against the drawer of the check; but soon after, new credits having been made to him, the bank charged the check in his account, and credited the note as paid. This transaction was held to operate as an absolute payment of the note.

Such entries upon the books of the bank were of precisely the same effect as if the money was first paid to the payee of the check, and instantly repaid to the bank.

After the bankruptcy of the drawer of the check, a new note given for the original debt, in ignorance of the acceptance of the check by the bank, was without consideration; and cannot even be regarded as given in compromise of a doubtful claim.

ACTION against the defendant as maker of a promissory note for $1015.89 and interest, dated December 9, 1846. Upon the trial at the Greene circuit, in June, 1850, before Mr. Justice WRIGHT, without a jury, the following facts appeared:

The plaintiff was the president and sole owner of The Prattsville Bank. On the 15th of November, 1846, the bank held the defendant's note for $1000 and some interest, payable to and endorsed by Samuel Scudder, which would fall due on the 20th of November. About the 15th of November the defendant called at the bank with Scudder's check on the bank for the amount of the note and interest, dated on the 20th of November (when the note would fall due), and proposed to the cashier, Hopkins, that he should take the check and deliver up the note, which the latter

declined to do. It was then agreed that the check should be left, that the cashier should pin it to the note, and if Scudder's account was made good on the day when both fell due, the check would pay the note.

On the 20th of November Scudder's account was overdrawn about $6000; but it does not appear that anything was done with either the check or the note; neither was protested, nor any notice given that they were not paid. Between the 20th and the 25th of November, several sums were credited to Scudder on the books of the bank, amounting in the aggregate to between $3000 and $4000; and on the 25th of November, the check was charged to Scudder upon the cash-book, and Foote's note was at the same time credited to discounted notes paid. The note was also posted in the bill-book and marked upon the tickler as paid; and the charge of the check to Scudder was posted from the cash-book into the ledger.

Between the date last mentioned and the 9th of December, Scudder failed; and on that day the defendant called at the bank and inquired if the note or check had been paid. The cashier told him that neither had been paid, and that Scudder's account had not been made good. No information was given him of the entries on the books; and thereupon he gave his new note for the original one, which note is the one now in suit.

Upon this state of facts the decision of the court was "that the plaintiff do recover" the amount of the note and interest; to which decision the defendant excepted.

The supreme court at general term affirmed the judgment (12 *Barb.*, 209), and the defendant appealed.

*R. Parker* for the appellant.

*L. Tremaine* for the respondent.

SELDEN, J. This case comes up upon a bill of exceptions. But it is insisted by the respondent's counsel that no question

Pratt *against* Foote.

can be raised under the general exception taken to the final decision of the judge who tried the cause; that the exception should have been specific, pointing out the precise error alleged to have been committed.

The rule no doubt is, that where a party excepts upon the trial to the charge of a judge to the jury, he is required to specify the particular portion of the charge which he claims to be erroneous, or his exception will be of no avail. Perhaps the same rule applies to exceptions taken to the decision of a judge who tries a cause without a jury, when that decision involves a variety of points; although the reasons for the requirement in cases of trial by jury do not apply with equal force to such a case. But when the whole decision consists in drawing a single conclusion of law from a state of facts which is undisputed, the rule can have no application. There being but a single point to which the party can except, no specification is required.

Again, it is insisted that the error in this case, if any, was an error in fact, and that it is not therefore within the province of this court to correct it. This court, it is true, will not assume to correct the erroneous conclusions of the court below upon mere questions of fact, and if the error alleged to have been committed in this case be of that description, the appellant is without remedy. Where, however, there is no conflict of evidence and no dispute about the facts of the case, the conclusion to be drawn from these facts is a question of law. In the present case I see no discrepancy in any portion of the testimony. There is a perfect concurrence between the witnesses on both sides, in respect to every fact concerning which they mutually speak. If the court below has erred at all, therefore, its error is as to the legal effect of these undisputed facts; and this, even if one has been committed, it is the duty of this court to correct.

The real question in this case is not, as I conceive, whether an agreement was proved between the plaintiff

and defendant, that the former would accept the check of Scudder in satisfaction of the defendant's note; but it is whether what was undeniably said and done did not amount to an actual payment of the first note. There are two distinctions which it is indispensable to make in order to arrive at a just conclusion upon this point. In the first place it is necessary to discriminate between the acceptance by a creditor from his debtor of a new security or obligation for an old debt, and the acceptance by a bank of a check drawn upon itself in payment of a note. The transactions are entirely different. The former is the mere substitution of one executory agreement or obligation to pay for another. In such a case there is no extinguishment of the precedent debt, unless there is an express agreement to accept the new obligation or security as a satisfaction of the old. One executory agreement is not a satisfaction of another unless by virtue of some contract between the parties; and this contract cannot be inferred from the mere acceptance of the new security, but must be proved by evidence *aliunde*. But when a bank receives upon a debt a check drawn upon itself by one of its customers, and charges it in account, it thereby admits that it has funds of the drawer sufficient to meet the check; and the acceptance is *per se* an appropriation of those funds to the payment of the check. A transaction of the former kind operates only by way of accord and satisfaction, and must be pleaded as such; while one of the latter sort operates directly as a payment of the debt. It is evident from the reasoning of the supreme court in this case, that this distinction was not adverted to. All the cases cited by the learned justice who delivered the opinion of the court below, belong to the former of these classes. They are cases of the substitution of one security or promise to pay for another; where of course it became necessary to furnish evidence, independent of the fact of acceptance, of an agreement to receive the new security in satisfaction of the debt. They are cases of accord and satisfaction.

But in addition to this distinction, it is necessary further to discriminate between an executory agreement on the part of the bank to accept the check at a future time, and an actual acceptance of it *in præsenti*. If the defendant relied exclusively upon the agreement made at the time the check was deposited with the cashier, as binding the bank to accept the check, it would of course be incumbent upon him to show the conditions performed; that is, that the account of Scudder, or at least the check, had been made good. But this is not the strongest aspect of the defence. What was said and done at the time of leaving the check is not otherwise important than as showing that the check was deposited for the purpose of meeting the note, and that although the cashier was not then willing to accept it, it was left by the defendant in the expectation that the bank might thereafter conclude to receive it in payment. It cannot be doubted that the bank was at liberty at any time after the check was left to receive and apply it in payment of the note, without reference to the state of Scudder's account. It had the consent and even request of the defendant to do so. On the 25th of November, five days after the note fell due, the bank decided to receive the check in payment of the note, and actually made the application by charging over the check and crediting the note as paid. But, says the justice before whom the case was tried, "this did not extinguish the note, because the original agreement to receive the check in payment, made when it was deposited, was conditional, and the conditions were never fulfilled; and it does not appear that any subsequent agreement was ever made."

It is evident that the learned justice had in his mind that class of cases, to which I have already referred, in which a new security is taken, which operates if at all upon the previous debt by way of accord and satisfaction. But this is a case of payment, and not of an agreement to receive something else in lieu of payment. If the check had been drawn

upon some other bank, as was the case in *Olcott* v. *Rathbone* (5 *Wend.*, 490), cited in the court below, it would then have been necessary to show a distinct agreement to accept the check in satisfaction. But when the bank upon which a check is drawn accepts it upon its own debt, the same act of acceptance pays the check to the payee and the debt to the bank. Instead of paying the money upon the check, the bank cancels the debt. It is the same in effect as if the money was first paid to the payee of the check, and instantly repaid to the bank. There can be no necessity in such a case for showing an express agreement to accept the check in payment. The transaction is *per se* a payment. So far as any agreement is necessary it arises by implication from the acts done.

The force of the entries in the books of the bank is in no degree impaired by what took place when the note was left by the defendant. The cashier refused *then* to receive the check unless the account of Scudder was made good. But this was a consideration in which the bank alone was interested. The defendant had no motive to insist upon this condition. Hence, the bank might waive it at will. The subsequent acceptance of the check by the bank, as shown by the entries in their books, was *ipso facto* a waiver of the conditions previously insisted upon. The bank had no authority to take the check and charge it in their account upon any other terms than as a payment. They had the request of the defendant to receive the check in payment of the note and in no other way. This request, made when the note was left, had never been withdrawn. When the bank consented to receive the check, therefore, it must be presumed to have received it upon the terms of the request.

Mr. Justice HARRIS, in his opinion, says in reference to the entries in the plaintiff's books: "That it was the intention of the plaintiff's agent, who had the management of the bank when these entries were made, to take Scudder as the debtor of the bank, instead of the defendant, cannot

be doubted. The deposits which had been made by Scudder, though not equal in amount to the over-drafts, had, it seems, satisfied the officers of the bank that his check might safely be received." But notwithstanding these conceded facts, he holds that the plaintiff is not concluded by the entries, because they do not appear to have been made " in pursuance of an agreement between the parties." In this, I think, the learned justice underrates the force of the fact that the check had been offered at the bank by the defendant in payment of the note, and left there to await the decision of the officers of the bank upon the question whether they would receive it or not. What more was necessary to constitute an agreement than that the bank should waive its objection and finally accede to the request of the defendant by accepting the check? This the bank did. Here, then, was a proposition on one side and an assent upon the other, which is all that is necessary to make a valid contract. The bank could no more recede from this than from any other contract. It did not require the subsequent assent of the defendant to the application of the check to complete the agreement, because that assent preceded the act of the bank in accepting it. There was, then, in this case, all the agreement which is necessary to cause the acceptance of the check to operate as a payment of the note.

But there is another test which may be applied to this case. If the defendant's note is not paid, then he is entitled to receive back the check as a claim against Scudder. But could he maintain an action against Scudder upon the check in the face of the proof in this case? Is the drawer of a check liable upon it after it has been presented to the bank upon which it is drawn, accepted and charged into the account of the drawer, and carried through all the books of the bank; deposits more than sufficient to meet the check having in the meantime been made by him? It is difficult to maintain this. The check must be considered

as paid, as between the drawee and payee. How then can the bank hold the defendant upon the note after having extinguished his claim upon the drawee of the check?

I can take no view of this case which does not lead to the conclusion that the original note of the defendant was paid and discharged by the check of Scudder. This being so, it follows that there was no consideration for the second note. It cannot be sustained as having been given upon the compromise of a doubtful claim, because the defendant was not apprised of the fact of the acceptance of the check by the bank.

The judgment should, therefore, be reversed.

The whole court concurring,

> Judgment reversed and new trial granted.