Fisher *v.* Marvin.

————◆ ◦ ◆————

DANIEL FISHER, President of the Farmers' Bank of Lansingburgh, *vs.* DANIEL MARVIN, 2d, and others.

The discounting of a new note, and the application of the proceeds realized from it to the payment of a former note, extinguishes the old debt, and creates a new one.

Such a transaction is not a mere change of securities—the taking of a new note in the place of the old one—but a discount, and a payment of money, upon the strength of the new security, by means of which the old obligation is discharged, given up and surrendered, so as to render it ineffective for any purpose.

Under such circumstances, the contract does not relate back to the time when the first note was discounted; but, the old note having been paid and taken up, the debt will be deemed to have been *contracted* when the new note was given.

And if a debt, thus contracted by a manufacturing corporation, by the giving of a new note, is payable within one year after the date of such new note, and a suit is brought on the note, against the company, within one year after the same becomes due, the stockholders are personally liable. INGALLS, J. dissented.

APPEAL from a judgment entered upon a decision of the judge at the circuit. The cause was tried before the court, without a jury, at the Rensselaer circuit.

The action was brought against the defendants as stockholders of the Diamond Mills Manufacturing Company, to charge them with an indebtedness of the corporation, to the amount of their stock, which was five shares, each share representing $100. The corporation was organized in 1852, under the act relating to manufacturing corporations, passed February 17, 1848. The whole amount of stock was $20,000, which was fully paid. The company became insolvent in 1858. An assessment was made upon the stockholders, for the payment of the debts of the company, and the defendants, among others, failed to pay. The president and trustees neglected to record in the county clerk's office a sworn certificate of the amount of capital stock fixed and paid in, as required by the act of 1848. (*Laws of* 1848, *ch.* 40, § 12.)

It also appeared, upon the trial, that on the 17th of April, 1856, the plaintiff held two notes against said company, amounting to $3500, payable at three months, indorsed by David Judson, then and still a stockholder. These notes, when due, were paid with the proceeds of new notes, made and indorsed by the same parties, and discounted by the plaintiff, and were then surrendered. At intervals of about three months, and less than a year, each, this process was. repeated, until May 19, 1858, when the note in question, for $2000, at sixty days, made and indorsed in the same manner, was discounted by the plaintiff. Payments from other

sources had been made, from time to time, reducing the original claim to this amount. This note not being paid, the plaintiff, within a month after its maturity, prosecuted the company, obtained judgment in September, 1858, and issued execution, which was returned unsatisfied.

The court held, as matter of law, from the facts found, that no suit was brought against the company, for the collection of the debt in question, within one year after it became due, as required by the act, and therefore directed judgment for the defendants. Judgment was entered in favor of the defendants, and the plaintiff appealed to the general term.

*W. A. Beach,* for the appellant.

*J. A. Millard,* for the respondents.

MILLER, J. The statute authorizing the formation of corporations for manufacturing and other purposes, (*Laws of* 1848, *ch.* 40, *p.* 60, § 24,) provides that "No stockholder shall be personally liable for the payment of any debt contracted by any company formed under this act, which is not to be paid within one year from the time the debt is contracted; nor unless a suit for the collection of such debt shall be brought against the company within one year after the debt shall become due," &c. In the case at bar it appears that an arrangement had been made by which renewal notes were taken, from time to time, but there was no general arrangement by which the notes were to be renewed. The court decided, under the state of facts proven, that no suit was brought within a year after the debt became due. This conclusion necessarily involves the question whether the debt contracted was to be paid within one year after it was contracted. Was the last note, of $2000, for which a suit was brought and judgment obtained, a continuing or carrying out of the original contract, or was it a new debt?

I am inclined to think that the discount of a new note,

and the application of the proceeds realized from it to the payment of the old paper, extinguished the old debt and created a new one.

The practical operation of the transaction presented by the evidence in this case would be about this : A note is due from the debtor to the bank. A new note is made, presented and discounted ; the discount is paid and the proceeds delivered or credited to the debtor, and the avails of the note discounted appropriated to the payment of the old note, and the old note taken up. The discount of the new note is one thing, and the payment of the old one, another. Each transaction is of itself separate and distinct. The whole together is not merely the substitution of one note for another. It has the aspect and appearance of, and is, in fact, a payment of the old note and a discharge of the obligation. The new note is discounted, and the amount realized, if not applied directly to the payment of an existing debt, is placed to the credit of the debtor who makes the payment.

Under such circumstances, no action could be maintained upon the old note; for not only was the time of payment extended, but the old note was surrendered and canceled.

The operation was not the mere exchange of securities — the taking of a new note in the place of the old one — but a discount, and a payment of money upon the strength of the new security, by means of which the old obligation was discharged, given up and surrendered, so as to render it ineffective for any purpose.

It seems to me that the contract did not relate back to the time when the first notes were discounted, but the old notes having been paid and taken up, the debt was *contracted* when the new note was given. This debt being payable within one year after the debt was originally *contracted*, and the suit having been brought within one year after it became due, the stockholders were liable, and the plaintiff was entitled to recover.

It may also be observed, that although the authorities are

not entirely reconcilable, as to what constitutes a payment, yet none of them hold that the discount of a note and the payment of an old one with 'the avails is not a payment and discharge of the former note. We have been referred to several cases which look decidedly favorable to the views which I have expressed, and, I think, tend to sustain them. (*See The Bank of Sandusky* v. *Scoville,* 24 *Wend.* 115; *The Bank of Salina* v. *Babcock,* 21 *id.* 499; *Pratt* v. *Foote,* 9 *N. Y. Rep.* 463.)

The question discussed disposes of the case; and as the judge erred in his decision, a new trial must be granted, with costs to abide the event.

HOGEBOOM, J. concurred.

INGALLS, J. dissented.

New trial granted.

[ALBANY GENERAL TERM, March 5, 1866. *Miller, Ingalls* and *Hogeboom* Justices.]