## Case No. 6,196.

### HASKINS v. HARDING et al.

[2 Dill. 99.] [1]

Circuit Court, E. D. Missouri. 1873.

INSOLVENT CORPORATIONS—INDIVIDUAL LIABILITY OF STOCKHOLDERS—HOW ENFORCED—MISSOURI STATUTES CONSTRUED.

1. Under the statutes of Missouri, the remedy of a judgment creditor of an insolvent manufacturing and business corporation to enforce the personal liability of stockholders is by suit, and not by motion. 1 Wag. St. Mo. p. 336, § 13. As to certain corporations, the statute gives such a remedy by motion. Id., p. 291, § 11.

2. Under the statutes of Missouri, it is a condition of the right of a creditor of an insolvent corporation to enforce in a summary manner a liability against stockholders personally, that the creditor shall have brought suit against the corporation within one year after his debt became due. Accordingly, where the plaintiff brought suit against the corporation on the debt in the state court within the year, and took a non-suit, and within a year thereafter, but more than a year after his debt fell due, brought a new suit in the federal court and recovered judgment, it was *held* he was barred by lapse of time of the right to enforce a summary personal liability on the part of stockholders.

3. Whether the one year's limitation would apply if creditors of the corporation should bring a suit in equity to enforce against stockholders' payment of their subscriptions for their stock, quaere?

The plaintiff is a judgment creditor of the Cambridge Gas Stove and Boiler Company, and files his motion for execution against certain stockholders in that company. The motion is based on section 11, c. 62, Gen. St. Mo. (1 Wag. St. p. 291, § 11). This chapter relates to the general powers and liabilities of corporations in the state of Missouri, and

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

the eleventh section is as follows: "If any execution shall have been issued against the property or effects of a corporation, and there cannot be found whereon to levy such execution, then such execution may be issued against any of the stockholders to an extent equal in amount to the amount of stock by him or her owned, together with any amount paid thereon; provided, always, that no execution shall issue against any stockholder except upon an order of the court, made upon motion in open court, after notice to the persons to be charged; and upon such motion, the court may order execution to issue accordingly." The constitution of the state contained a provision to this effect: "Article 8. Section 6.— Dues from private corporations shall be secured by such means as may be prescribed by law; but in all cases each stockholder shall be individually liable, over and above the stock by him or her owned, and any amount unpaid thereon in a further sum, at least equal in amount to such stock." After the plaintiff's judgment was obtained, this provision of the constitution was amended to read as follows: "Article 8. Section 6.— Dues from private corporations shall be secured by such means as may be prescribed by law; but in no case shall any stockholder be individually liable in any amount over and above the amount of stock owned by him or her." This amendment went into force December 12, 1870.

Plaintiff's motion sets out that on the 12th day of November, 1870, he recovered a judgment in this court against the Cambridge Gas Stove and Boiler Company; that thereon two writs of execution have been issued against the company and returned, "No property;" that the judgment remains wholly unsatisfied, and that certain persons—Harding, Pope, and others (naming them, and the amount of stock they respectively own)— were, at the time the indebtedness to the plaintiff was created, and at the time his judgment was recovered, and are at the present time, stockholders in the said company, and that none of said stockholders have paid for their stock, and are severally liable for an amount equal to the amount of stock owned, and the amount unpaid thereon. Wherefore, the plaintiff moves for an execution against the stockholders, to enforce a personal liability to him so far as necessary to satisfy his judgment. Notice of this motion having been duly served upon the stockholders, they have appeared, and resist the application on several grounds:

1. They claim that said section 11 of chapter 62 (Wag. St. 291) has no application to the class of corporations to which the said company belongs; but that their liability is specifically provided for by section 13 of chapter 69 of General Statutes (Wag. St. 336), and if so, then they further insist that such a motion as the plaintiff makes is not authorized by it, but that any liability on their part must be enforced by suit. And they also insist that the plaintiff's action against the company was not brought within the one year required by that section. This section (section 13, c. 69, relating to "Manufacturing and Business Corporations") is as follows: "No stockholder shall be personally liable for the payment of any debt contracted by any company formed under this charter (and it is admitted that the said corporation was formed under this charter), which is not to be paid within one year from the time the debt is contracted, nor unless a suit for the collection of such debt shall be brought against such company within one year after the debt shall become due; and no suit shall be brought against any stockholder who shall cease to be a stockholder in any such company for any debt so contracted, unless the same shall be commenced within two years from the time he shall cease to be a stockholder in this company, nor until an execution shall have been returned unsatisfied in whole or in part." Wag. St. p. 336, § 13.

The facts relating to the time the plaintiff's suit was brought against the company are these: His note against it fell due June 27, 1867, and he brought suit thereon in the state court March 20, 1868, against the corporation, which defended, and on the trial the plaintiff took a nonsuit and then brought his action in this court September 18, 1869, and recovered judgment November 12, 1870.

The stockholders also insist: 2. That this court, not having, by rule, adopted the above-mentioned special provisions of the state statutes as to enforcing the individual liability of stockholders, has no power to grant the motion or make the order asked for by the plaintiff. It is admitted by stipulation that the persons named in the motion are stockholders, as stated therein, and that they have only paid twelve and one-half per cent. upon the par value of the shares of stock owned by them respectively. It is also admitted that the corporation debtor was formed under the seventh article of chapter 69 of the General Statutes of 1865. Rev. St. 1865, p. 367; 1 Wag. St. 332.

Glover & Shepley, for the motion.

Chester Harding, Jr., & W. S. Pope, for stockholders.

Before DILLON, Circuit Judge, and TREAT, District Judge.

DILLON, Circuit Judge. I am inclined to the opinion that a non-resident creditor of a Missouri corporation who has obtained judgment in this court is entitled to the same or similar remedies, by execution or otherwise to enforce it, that creditors have who obtain like judgments in the state courts, and that it is not indispensable or necessary in order to give this right that there should be a rule of court adopting those portions of the state statutes which provide the manner in

which the individual liability of the stockholders shall be summarily enforced. Whatever doubt there might be upon this subject seems to be removed by the act of June 1, 1872 (17 Stat. p. 197, §§ 6, 7). But under the view we take of the case it is not necessary for the court now to give any opinion upon this question.

Admitting, then, for the purposes of this case, that the plaintiff is entitled to all the remedies and processes for enforcing payment of his judgment that he could have if he were in the state court, we are thus brought to the question whether his motion for an execution against the stockholders is well taken. It will be observed that he proceeds by motion and not by suit, and his motion is confessedly founded upon section 11 of chapter 62 of the General Statutes of Missouri (Wag. St. p. 291, § 11). This section is copied in full in the statement of the case. If the provisions of the section apply to the class of corporations to which the Cambridge Gas Stove and Boiler Company belonged—that is to say, if they apply to "manufacturing and business corporations," such as are provided for by chapter 69 of the General Statutes (Wag. St. 332), the plaintiff, it seems to me, brings his case within its requirements, and as against any objections which the stockholders have made, would appear to be entitled to the order he seeks; but does the above-mentioned section 11 of chapter 62 apply to manufacturing and business corporations organized under chapter 69? Chapter 62 relates to the general powers and liabilities of private corporations, and it is in this chapter section 11 occurs. Chapter 63 relates to railroad companies; chapter 64 to plank-road companies; chapter 65 to tele, graph companies; chapter 67 to eminent domain; chapter 68 to savings banks and fund companies, and chapter 69 to manufacturing and business companies. It is admitted that the corporation debtor to plaintiff was organized under this chapter. The thirteenth section of this section of this chapter makes specific provisions in relation to the personal liability of stockholders in companies formed under that chapter. This section is as follows: "No stockholder shall be personally liable for the payment of any debt contracted by any company formed under this chapter which is not to be paid within one year from the time the debt is contracted, nor unless a suit for the collection of such debt shall be brought against such company within one year after the debt shall become due; and no suit shall be brought against any stockholder who shall cease to be a stockholder in any such company for any debt so contracted, unless the same shall be commenced within two years from the time he shall cease to be a stockholder in such company, nor until an execution shall have been returned unsatisfied, in whole or in part." 1 Wag. St. p. 336, § 13.

General provisions (such as section 11 in chapter 62) must give way to specific provisions (such as section 13 in chapter 69) inconsistent with the more general expression of the legislative will. This is a familiar principle, and it is undeniable that, so far as there is any conflict between section 11 and section 13 above named, the latter exclusively applies to the corporations and stockholders to which it refers. And the legislature having undertaken to cover all the ground that is embraced in the more general provision, it is perhaps equally clear that section 13 of chapter 69 alone applies to all companies formed under chapter 69, of which the corporation concerned in this case is one.

This being so, has the plaintiff brought himself within the requirements of section 13? We think not. He proceeds by motion, but no such mode of procedure is authorized by this section; but, on the contrary, it contemplates and requires that the proceeding to enforce the personal liability of the stockholder shall be by "suit brought against" him as such stockholder, to be commenced within two years from the time he ceases to be a stockholder. This is apt language to describe a proceeding by suit, but not one by motion. On this ground, therefore, the plaintiff's application, which is by motion and not by suit, must be denied.

But if this should be regarded as too technical a view of the statutes, we are also of opinion that the motion, conceding it to be a proper remedy, must fail, for the more substantial reason that the plaintiff's suit against the company was not brought within one year after the debt became due on which his judgment was recovered. That suit must be brought within one year after the creditor's debt matures is expressly made one of the conditions of "personal liability for the payment of any debt contracted by any company formed under this chapter." Chapter 69.

The plaintiff's debt became due June 27, 1867, and his suit in this court was not brought until September 18, 1869—over two years after his claim matured. He had in the meantime, however, March 20, 1868, brought suit in the state court, and on the trial, December 14, 1868, taken a nonsuit, and he claims that he had a year thereafter in which to bring a new action and to preserve the personal liability of the stockholders.

The company is the principal debtor, and under the statute the personal liability of the stockholder to the creditor is collateral; the creditor must first exhaust his remedy against the corporation. McClaren v. Franciscus, 43 Mo. 452, 465.

The stock in this company is transferable; and all the different provisions of section 13 are special limitations on the duration of the personal liability of the stockholder. The debt must be one to be paid within a year, suit must be brought within a year after it falls due; and suits against stockholders who cease to be such must be brought within two years after that event.

There is no authority to import the provisions of the general statutes of limitations as to the effect of a nonsuit (2 Wag. St. p. 919, § 19) into the special limitations of section 13, in relation to the personal liability of stockholders in corporations. The general limitation statutes refer to the class of actions therein specially described in which the present proceeding is not embraced.

In view of the manifest purpose of the legislature by the special provisions limiting the duration of the personal liability of stockholders;—in view of the fact that a judgment against the corporation is essential to direct summary liability on the part of the stockholder to the creditor, we hold that the suit in which such judgment is obtained must be one which was brought within one year after the debt, in respect of which it is thus sought to make the stockholder individually responsible, fell due.

If this is a correct construction of the statute, the present motion must fail. It is argued that this limitation of one year only applies to the double liability—that is, to the personal liability for an amount equal to the stock, and not to the liability of the stockholder, as a debtor to the corporation, for his unpaid stock. Undoubtedly, under the constitutional provision then in force, the stockholder was individually liable, both for the amount of his unpaid stock, and in an additional amount equal to the amount of his stock. In section 11 of chapter 62 the execution therein provided for against the stockholder may be ordered to be issued in respect to both of these liabilities.

Without the aid of any statute, the unpaid subscriptions to the capital stock constitute a fund available to creditors who are unable to make their demands from the corporate debtor, and equity will lend its aid to enforce payment for the benefit of creditors. See Briggs v. Penniman, 8 Cow. 387; Wood v. Dummer [Case No. 17,944]; Ward v. Griswoldville Manuf'g Co., 16 Conn. 593; Henry v. Vermillion & A. R. Co., 17 Ohio, 187; Ang. & A. Corp. §§ 602, 603, et seq.; Mann v. Pentz, 3 Comst. [3 N. Y.] 415, 422; Adler v. Milwaukee Pat. Brick Manuf'g Co., 13 Wis. 57; Pettibone v. McGraw, 6 Mich. 441; Spear v. Crawford, 14 Wend. 20.

The language of the 13th section of chapter 69, which, as we have above held, is the one which applies to corporations, such as the debtor corporation in this case, is, that "No stockholder shall be personally liable for the payment of any debt contracted by any company, unless suit for the collection of such debt be brought against the company within one year after the debt shall become due."

This language is certainly very broad, and extends to the personal liability of the stockholder for the payment of any debt contracted by the company. We hold, that so far, at least, as respects this summary proceeding, it bars the creditor of the right to resort to it, even in respect to unpaid subscriptions, if he has not brought his suit against the company within the year.

Whether the creditor may not have a remedy in equity against the stockholder to enforce payment for his stock, which is independent of statute provisions, and may thus escape the one year's limitation in section 13, is a question upon which we are not required to pronounce any opinion. Motion denied.

[Subsequently the plaintiff filed a bill in equity, which was dismissed. Case No. 6,196a.]

NOTE. Construction of similar statute requiring suit against the corporation to be brought within one year after debt becomes due: Fisher v. Marvin (1866) 47 Barb. 159; Tarbell v. Page (1860) 24 Ill. 46; Hovey v. Ten Broeck (1865) 3 Rob. (N. Y.) 316. See, also, Byers v. Franklin Coal Co. (1870) 106 Mass. 131.

Remedy in equity by judgment creditor, against stockholders, to compel payment of balance due on their several subscriptions to their stock: Ogilvie v. Knox Ins. Co. (1859) 22 How. [63 U. S.] 380; Adler v. Milwaukee Pat. Brick Manuf'g Co. (1860) 13 Wis. 57, and cases cited.

Remedy of assignee in bankruptcy of an insolvent corporation to enforce unpaid subscriptions to its stock: Payson v. Stoever [Case No. 10,863].

Jurisdiction of the United States circuit court in such case: Payson v. Dietz [Id. 10,-861].

Effect of change of charter on the personal liability of the stockholder: Payson v. Stoever [supra]; Ashton v. Burbank [Case No. 582].

Power of corporation to forfeit stock, and effect: Ashton v. Burbank [supra].