Boynton, O. J.
Although the fact is not stated, we assume that the Lima Wheel Company was incorporated under the general act of incorporation of 1852. Under the provisions of section 78 of that act, the plaintiffs in error became liable to an amount equal to their respective shares of stock, in addition thereto, to secure the indebtedness of the company which accrued while they were the owners of such stock. Brown v. Hitchcock, 36 Ohio St. 667. But while the liability attached to them as stockholders for the payment of the judgment rendered against the company upon a debt created during their ownership of the stock, when they sold and transferred their respective shares to Newell and Overmyer, the latter assumed and became as fully bound to discharge the liability, as between themselves and their assignors, as if they had owned the stock from the organization of the company. Ibid.
Hence, Nowell and Overmyer were necessary parties to the action. A complete and final determination of the rights of all the parties could not be made without them. They were not only liable to the plaintiff by reason of their purchase of the stock, but they stood in the relation of indemnitors to Wheeler and Shuler against their liability to the creditor, which attached to their ownership of the stock at the time the debt was contracted. Beiug ultimately liable and solvent, and the action being one in equity, to marshal the liabilities of all the stock *29 holders, inter sese as well as to the creditors, it was a right which Wheeler and Shuler had to have them brought into court to the end, that when the final judgment was entered, the rights of all persons interested in the matter, as well as the object of the suit, should be adjudicated and settled, and all further litigation thereby avoided. Umsted v. Buskirk, 17 Ohio St. 113. We therefore think the court erred in refusing to make Newell and Overmyer parties to the action.
Wo also think the court erred in sustaining the demurrer to the second defense of the answer. The authorities are not in accord upon the point, whether the mere renewal of the note of the corporation is to be regarded as the making of a new contract as respects the stockholders whose individual liability is sought to be enforced. That the renewal has the effect of creating a new debt and the extinguishment of the old one, in the absence of proof showing a different understanding, was held in Castleman v. Holmes, 4 J. J. Marsh. 1; Milliken v. Whitehouse, 49 Me. 527; and Fisher v. Marvin, 47 Barb. 159.
See also Thompson’s Liability of Stockholders, §§ 101, 298. This doctrine, however, was denied in Parrott v. Colby, 6 Hun, 55, and in Jagger Iron Co. v. Walker, 43 N. Y. S. C. 275, where it was held, that so long as the debt for which the note was given remains unextinguished, the liability of stockholders continues and “is in respect thereof only.” We need not determine which line of authorities is supported by the better reason, nor whether the renewal of a note of a corporation as respects its effect upon the individual liability of the stockholders has im operation on the antecedent debt different from that resulting from the renewal of a note of a private individual. The answer averred, that after Wheeler and Shuler ceased to be stockholders, the notes upon which the judgment was rendered were canceled and paid by the execution of new notes by the corporation. It is well settled that where the parties agree that a new note shall be taken in payment of the debt for which it is given, or shall extinguish all liability on the note for which it is substituted, such antecedent debt or note is thereby paid and the right of action thereon is gone. Merrick v. Boury, 4 Ohio St. 60 ; Leach v. Church, 15 Ohio *30 St. 169. Here the averment was that the notes were canceled and paid by new notes given by the corporation and subsequently fraudulently obtained and put into judgment. It may be that the pleader only intended to state the fact of renewal, and to claim therefor that it operated in law as payment of the notes for which the new notes were given.
But the averment is clearly susceptible of the meaning that the parties agreed that. the new notes should be accepted in payment of the old ones ; and hence in view of the requirement, that in the construction of a pleading for the purpose of determining its effect, its allegations are to be liberally construed with a view to substantial justice between the parties, the demurrer to the defense by which such payment was averred should have been overruled and if the pleading was not ordered to be made more definite and certain, and the fact of payment was controverted, issue should have been joined by reply.

Judgment reversed and canse remanded for further proceedings.