By the Court.—McAdam, J.
The action is on a past due promissory note for $5,000 made by the Lorillard Brick Works Company to the order of James A. Simmons and endorsed by him and by Jacob Lorillard and passed before maturity to the credit of said James A. Simmons on the books of the plaintiff. The evidence established the fact that the note was made by Lorillard in the name of the Brick Company (he being its President) and endorsed by him individually, all for the accommodation of Simmons, and that it was diverted by him from the purpose for which it was intended. This made it necessary for the plaintiff to show two things. First. That the plaintiff paid value for the paper. Second. That the plaintiff had no notice that the paper had been diverted. Comstock v. Hier, 73 N. Y., 269; Vosburgh v. Diefendorf, 119 Ib., 357; Canajoharie Nat. Bk. v. Same, 123 Ib., 191. The plaintiff proved want of notice of the diversion, and the contest narrowed itself down to the single question, whether the plaintiff paid value for the paper within the meaning of that term as declared by the courts. The mere formal discounting of the note, and passing the proceeds to the credit of Sim *41 mons upon the hooks of the bank did not make the plaintiff a holder for value as against the accommodation maker and endorser of diverted paper. The plaintiff must have actually paid out and parted with the proceeds of the discount before it could acquire an indisputable title thereto. Central Natl. Bk. v. Valentine, 18 Hun, 417; Platt v. Chapin, 49 How., 318. The plaintiff concedes the proposition stated, but claims to have paid out the proceeds within the meaning of that term as decided by the cases of Pratt v. Foote, 9 N. Y., 463, and Mayer v. Heidelbach, 123 Ib., 332. Those cases hold substantially, that where a pre-existing debt has been actually and absolutely extinguished in consideration of the transfer of negotiable paper, the transferee is a holder for value within the rule protecting such holder against prior equities. In Pratt v. Foote, supra, it appeared that the Prattsville Bank (owned by the plaintiff) held the defendant’s note for $1,000 and interest, payable to and endorsed by Samuel Scudder. That five days before the note matured, the defendant called at the bank with Scudder’s check on the bank for the amount of the note and interest (payable on the day the note fell due), and proposed to the cashier that he should take the cheque and give up the note which the latter declined to do. It was then agreed that .the cheque should he left, that the cashier should pin it to the note, and if Scudder’s account was made good on the day both fell due, the cheque would pay the note. Five days after the note matured several sums were credited to Scudder, more than sufficient to meet the cheque, which was thereupon charged to Scudder’s account, and the note posted in the bill-book and tickler as paid, and the charge of the cheque to Scudder was posted from the cash-book into the ledger. The maker of the note in that case interested himself in its payment, and could on the day the credit was made, have withdrawn^ the money from the bank on Scudder’s cheque, and returned it in extinguish *42 ment of the note, if the bank had required him to do so, and the court held that in legal' effect the same result Avas produced by the mode Aviiich the bank adopted.
In Mayer v. Heidelbach, supra, the proposition decided, Avas that where a depositor in a bank, having sufficient funds standing to his credit, teriders to the bank a cheque in payment for negotiable paper it has for sale, and the bank accepts the cheque, charges it against the deposit, cancels and files it as a voucher, and delivers over the paper purchased, the purchaser is a holder for value, the antecedent debt of the bank being pro tanto actually and in fact extinguished.
In the present instance, there was no agreement whereby any other obligation was to be paid with the moneys credited to Simmons, as in the Pratt case, and no delivery up of other securities as in the Mayer case. Practically all the plaintiff did in the case at bar, was to take two cheques from Simmons to its own order, together aggregating the amount of the proceeds of the discount. One of these it credited as a nominal bookkeeping payment to the account of John Satterlee & Co. (a firm in which Simmons was a member). The debit balance of the Satterlee account was produced by the act of the bank in charging against this account a check for $30,000 of some third party deposited by Satterlee & Co. on January 28, 1890, which came back through the clearing house on the 29th unpaid. While nominally crediting the Simmons cheque to the unpaid balance of the Satterlee account it held on to the return cheque, thereby retaining its claim against Satterlee & Co. if the Simmons cheque should not prove good to the bank by reason of failure of the title of the bank to the notes discounted for Simmons’ account, thereby negativing any presumption that the crediting of this Simmons cheque was intended to be an absolute payment of the returned cheque. The tentative character of the *43 transaction further appears from the fact that the bank never canceled the two Simmons checks upon its iron file, according to the custom of banks respecting paid checks, but kept these checks also in its possession. In short, the plaintiff surrendered nothing on the faith of the note in suit, its position will not in a legal sense be changed for the worse by its failure to recover anything upon it, and it cannot by its own volition on any ex parte system of credits or debits conjure up a theory of payment or satisfaction, not manifested or intended by the other parties to the transaction. The book-keeping entries constitute no parting with value within the rule making a plaintiff a bona-fide holder, so as to exclude existing equities between the parties. Phoenix Ins. Co. v. Church, 81 N. Y., 518; McQuade v. Irwin, 39 N. Y., Superior Ct., 396; Buhrman v. Baylis, 14 Hun., 608, and other cases before cited. There was nothing to go to the jury on any of the questions involved, and the verdict in favor of the defendant was properly directed, and the judgment entered thereon, and the order denying the motion for a new trial, must he affirmed with costs.
Sedgwick, Ch. J., concurred.