THE UNION BANK OF BROOKLYN, Plaintiff, *v.* DAVID SCHNEIDER et al., Defendants.

(County Court, Kings County, January, 1911.)

Mortgages — Payment — Release or satisfaction of mortgage — Payment — Extinguishment of mortgage.
Subrogation — Voluntary payment.

> Where the purchasers of real property assume the payment of a mortgage thereon previously executed by their grantor, and afterward pay the holder the balance due thereon, as against the grantor the mortgage must be considered as paid and he released from further liability thereon, though the grantees may by arrangement with the holder keep it alive as a lien upon the property for their own benefit by having it assigned to a third party to secure their indebtedness; but in such a case the original mortgagor has no interest which would entitle him to be subrogated to the rights of the assignee upon his voluntary payment of the debt for which the assignee holds it.

ACTION for the foreclosure of a mortgage upon real property.

Edmund M. Grout and Paul Grout, for plaintiffs.

H. Cook and Robert H. Roy, for defendants.

FAWCETT, J.    This is an action to foreclose a mortgage. The widow and three infant children of one Feiner are defending and contend that the mortgage was paid and discharged.

On February 6, 1906, David Schneider executed and delivered his bond to the Citizens' Trust Company for $45,000, and on the same day his mortgage for a like amount, covering premises in the borough of Brooklyn then owned by him.    Both instruments were conditioned for the payment on demand of so much of said sum as at the time of demand had been advanced.    Two days thereafter the said mortgage was duly recorded.    Advances thereunder were afterward made from time to time, so that, by May 4,

County Court, Kings, County, January, 1911. [Vol. 70.

1906, the sum of $32,500 had been advanced. On May 7, 1906, David Schneider conveyed the premises involved herein to David L. Snyder and Isaac Madamsky subject to said mortgage.

· Between that date and February 21, 1907, by sums received for releases of parts of the premises originally mortgaged and otherwise, the amount secured by said mortgage was reduced to $6,000. On February 21, 1907, the then owners of the premises, David L. Snyder and Isaac Madamsky, paid to the Citizens' Trust Company the said sum of ·$6,000, with interest, and had the mortgage assigned to a holding corporation of the plaintiff, and then to the plaintiff, as security for the payment of a note for $6,000, made by David L. Snyder and Isaac Madamsky to the order of David L. Snyder and discounted to the credit of David L. Snyder.

By this act the original indebtedness secured by the mortgage was paid. However, it was the right of Madamsky and Snyder to keep the mortgage alive and assign it to the plaintiff as security for a new indebtedness of their own, they being the only ones concerned at the time. Angel v. Boner, 38 Barb. 425.

On May 29, 1907, Madamsky and Snyder conveyed the premises in question to one Feiner. The $6,000 note of February 21, 1907, became due on June 21, 1907. One thousand dollars had been paid off on the same. On that date David L. Snyder paid said note by a check drawn on the plaintiff for the amount thereof, *but* out of funds made available for that purpose by the discount to his credit of a note for $5,100 made by David L. Snyder and Isaac Madamsky.

Defendants contend that, when the bank accepted this check, it constituted payment of the note and a discharge of the mortgage, and urge the cases of Pratt v. Foote, 9 N. Y. 463; Commercial Bank v. Union Bank, 11 id. 203, and Mayer v. Heidelbach, 123 id. 332, as controlling authorities on the point. None of these cases, however, involve the element of the note being paid out of funds made available by the discount of a new note made by the parties to the original

note. It is well settled that payment in the law means real, not technical or imaginary, payment. Equity regards only the substance of things and deals with human affairs on that principle. Johns v. Guarantee Company, 101 U. S. 622; Brinckerhoff v. Lansing, 4 Johns. Ch. 64; Pinckney v. Pomeroy, 62 Barb. 460.

On July 6, 1907, David Schneider, who originally executed the mortgage in question, paid the note of June 21, 1907, in full, by his check drawn on the plaintiff. On the same day there were credited by the plaintiff to his account the proceeds of a $2,000 note made by David L. Snyder and Isaac Madamsky to the order of David Schneider. It appears that at this time Michael Feiner was the owner of the premises. It does not appear of record that he at any time had anything to do with the note transactions in the banks. His lips are sealed by death. As against his widow and children the burden of clearly showing the original mortgage to be security for this $2,000 note is on the plaintiff.

It appears from the account of David Schneider with the plaintiff that he had ample funds to meet the check drawn on it in payment of the note which came due July 6, 1907, without recourse to any funds made available by the discount of the $2,000 note. David Schneider was under no legal liability here. When he conveyed the premises to Madamsky and Snyder subject to the mortgage, the land became the fund for the payment of the mortgage, and he became simply a surety. The payment of the amount due to the Citizens' Trust Company by Snyder and Madamsky on February 21, 1907, cancelled his obligation on the bond. Brewer v. Staples, 3 Sandf. Ch. 579. And, so far as the record goes, Schneider in paying this note of July 6, 1907, the note which fell due on that day, by his check, was in the position of a stranger paying the debt of another. Under such circumstances he acquired no right in and under the mortgage and could give none to the bank. Wilkes v. Harper, 1 N. Y. 586.

Nothing appears in the record to show what the arrangements were between Schneider and Snyder and Madamsky.

City Court of New York, January, 1911. [Vol. 70.

There is not anything in the record that clearly shows that the $2,000 note was necessarily connected with the $5,000 payment. And the record totally fails to show that the note of June 21, 1907, was paid off, even in part, out of funds made available by the discount of the $2,000 note. The plaintiff has failed to sustain the burden of proof as to this point.

It appears that there were various renewals by Schneider of his $2,000 note, the last one being for $1,700; but the question of the validity of this mortgage security hinges entirely on the transaction of July 6, 1907.

As a question of fact I find that the payment made on July 6, 1907, by David Schneider was a voluntary payment from his own funds of the note coming due on that day. The note being actually paid, the mortgage held as collateral security for said payment must be considered as discharged and satisfied.

Judgment for the defendants on the merits dismissing the complaint.