### UNION BANK OF BROOKLYN v. SCHNEIDER et al.

(Supreme Court, Appellate Division, Second Department.   November 10, 1911.)

1. MORTGAGES (§ 319*)—PAYMENT—EVIDENCE.

In an action to foreclose a mortgage, evidence *held* insufficient to show payment of the debt secured.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 319.*]

2. MORTGAGES (§ 298*)—PAYMENT.

Where the owner of mortgaged premises paid the amount of the mortgage to the mortgagee, having obtained the funds from a bank, and caused the bond and mortgage to be assigned to the bank as security, it amounted to a sale and assignment of the securities, and not to a satisfaction of the amount due.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 298.*]

Burr, J., dissenting.

Appeal from Kings County Court.

Action by the Union Bank of Brooklyn against David Schneider and others. From a judgment (128 N. Y. Supp. 878) for defendants, plaintiff appeals. Reversed.

See, also, 130 N. Y. Supp. 1133.

Argued before BURR, THOMAS, CARR, WOODWARD, and RICH, JJ.

Edward M. Grout (Frank R. Greene, on the brief), for appellant. Nathan April, for respondents.

PER CURIAM. The plaintiff appeals from a judgment of the County Court of Kings County dismissing its complaint on the merits. The action was brought to foreclose a mortgage. The bond and mortgage recited an indebtedness of $45,000, but contained provisions showing that they were made to cover future advances up to the sum of $45,000. The plaintiff alleged the making of advances under the bond and mortgage, repayments on account of the advances, and a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

balance due on the bond and mortgage in the sum of $1,740.97, with interest from November 28, 1906. The defendants Feiner, as owners of a portion of the real property described in the mortgage, answered with various denials, and set up a number of affirmative defenses, including that of payment, all of which, except the defense of payment, were abandoned at the trial.

The facts, so far as they are undisputed, are as follows: At the time the bond and mortgage were given one David Schneider was the owner of the real property in question. He executed and delivered the instruments in question, payable on demand, to the Citizens' Trust Company of Brooklyn to secure future advances up to the amount of $45,000. The mortgagee made various advances, and the mortgagor made various repayments on account thereof. On May 7, 1906, the amount due on the bond and mortgage was the sum of $32,500, with accrued interest. On that day the mortgagor Schneider conveyed the premises in question to grantees known as Snyder and Madansky. These grantees made repayments to the mortgagee in such amounts that on February 21, 1907, the balance remaining unpaid on said bond and mortgage was the sum of $6,000 and interest. On that day, Snyder, of Snyder & Madansky, paid to the mortgagee by his own check the amount remaining unpaid, but did not take a satisfaction of the mortgage. He requested the mortgagee to assign the bond and mortgage to a corporation known as the Long Island Securities Company, and the instruments were assigned accordingly. This corporation was a subsidiary corporation, controlled by the plaintiff herein for the purposes of its business. The funds used by Snyder for the purpose of procuring the assignment of the bond and mortgage were obtained from the plaintiff on February 21, 1907, by a discount of a note for the sum of $6,120, made by David L. Snyder and Isaac Madansky to the order of David L. Snyder and by him indorsed. This note was discounted by the plaintiff on the security of the bond and mortgage in question; the assignment thereof to its subsidiary corporation being a part of the same transaction. On May 29, 1907, Madansky and Snyder conveyed the premises in question to one Feiner, since deceased. On June 21st, the $6,120 note became due, and a balance of $5,000 remained unpaid thereon; the sum of $1,000 being paid on account in the meanwhile. David L. Snyder paid to the plaintiff ·on that date, by his check drawn on the plaintiff, a sum equivalent to the amount remaining due on the $6,000 note; but this payment was made from funds to his credit on·the books of the plaintiff as· the result of a discount made by the plaintiff, on the same day, of a note for $5,100 made by David L. Snyder and Isaac Madansky to the order of· David L. Snyder, and by him indorsed and delivered to the plaintiff. This last-mentioned note was in fact but a renewal note for the balance due on the original note, plus interest or discount. The original indebtedness stood undischarged, though evidenced in the form of a new or renewal note. This new note fell due on July 6, 1907. It was taken up by David Schneider, the original mortgagor, by payment in full by a check drawn by him against the plaintiff on funds credited to him on the books of the plaintiff. Unexplained, this circum-

stance would show a payment in full of all the moneys for which the plaintiff, through an intermediate assignment from its subsidiary corporation, held the original bond and mortgage as security. The plaintiff gave proof, however, that on the same day that Schneider made the payment last mentioned he discounted with it for his credit a note for $2,000 made by Snyder and Madansky to the order of Snyder, and by him indorsed and delivered to David Schneider, and by the latter indorsed for discount to the plaintiff. The plaintiff claims that the proceeds of this last-mentioned note for $2,000 went to make up the funds drawn by the check of Schneider, and that said note was in fact a renewal note for the old obligation to the extent of $2,000, thus leaving Schneider's check to reduce the old obligation or note from $5,131.95 to $2,000.

The re-entry of Schneider into the transactions between the parties at this stage is explained by the plaintiff as follows: It gave proofs to show that as Snyder's account with it was inactive, having a balance of only $10 at the time, it declined to credit the amount of the discount of the renewal of $2,000 to Snyder's credit, and by mutual arrangement and consent of all the parties the proceeds of the discount were credited to Schneider, in order to enable him to make a payment on the old note under some arrangement with Snyder and Madansky. If this be so, then the check of Schneider did not discharge in full the obligation of Snyder and Madansky, but left remaining unpaid thereon the sum of $2,000, for which the plaintiff still held the bond and mortgage as security. This balance of $2,000 was thereafter reduced by payments to the sum of $1,740. Neither party to the action called either Schneider or Snyder or Madansky as witnesses to explain the final transaction. All of them were party defendants and put in no answer, though a deficiency judgment was sought in the complaint against Schneider. The learned trial court was of opinion that the burden was on the plaintiff to show that the note of $2,000 was a renewal note for the indebtedness of Snyder and Madansky, and not a new transaction between the plaintiff and Schneider, independent of the relations between the plaintiff and Snyder and Madansky under the security of the mortgage.

[1, 2] It appears from the proofs of the plaintiff that it treated this note of $2,000 as a renewal note and a continuance to its amount of the original loan, and that such was the mutual intent of the parties to the transaction. These proofs were enough to sustain prima facie any burden cast upon the plaintiff. Schneider was the obligor on the bond. The transaction between Snyder and Madansky, by which the mortgagee assigned the securities to the plaintiff's subsidiary corporation, was in effect a sale and assignment of said securities, and not a satisfaction of the amount due thereon. Hence Schneider, as the original obligor, was not a stranger to the subsequent transactions, and to the extent that he participated therein he was not a mere volunteer. It appears that the plaintiff thereafter treated the $2,000 note as a loan to Schneider; but, as he was an indorser on said note, the plaintiff, in regarding Schneider as bound thereon, did not necessarily estop itself from holding the makers, Snyder and Madansky, as also bound

thereon. From the proofs in the record before us, it does not appear sufficiently, if at all, that it was the mutual intent of the parties that Snyder and Madansky should be no longer bound to the plaintiff. The trial court has found that Feiner did not know of this final transaction, and that the plaintiff knew at that time that Schneider was no longer the owner of the property covered by the mortgage; but it did not find that the plaintiff knew that Snyder and Madansky had ceased to be the owners thereof.

The judgment should be reversed, and a new trial ordered; costs to abide the final award of costs.

BURR, J., dissents.