## BURDICK *against* GREEN.

THIS was an action of *assumpsit.* The declaration contained several counts : 1. On a promissory note, dated the 21st *June*, 1810, made by the defendant, and payable to the plaintiff, or order, on the 1st of *August* next, thereafter, for 1525 dollars : 2. The second count, after setting forth the note, stated, that the plaintiff endorsed it to *Joel Ketchum*, or order, who, on the 31st *July*, 1816, did, under his hand and seal, transfer, assign, and set over to the plaintiff, the said note, together with all his right, title, and interest therein, by reason whereof the defendant became liable to pay, and being so liable, in consideration thereof undertook, &c. 3. The common money counts. 4. *Indebitatus assumpsit* for goods sold. 5. A *quantum valebant* on the same.

The defendant pleaded, 1. *Non assumpsit.* 2. *Actio non accrevit infra sex annos.* 3. 4. That the promises men-

To the common counts in *assumpsit,* a plea, that after making the promises in those counts mentioned, the defendant made and delivered to the plaintiff his promissory note for the same identical promises, which the plaintiff received in full satisfaction, and afterwards endorsed and delivered the note to A. B. is bad: for the receiving of a promissory note and endorsing it to a third person, does not extinguish the original cause of action, provided the payee can show it to be lost, or can produce it on the trial to be cancelled.

A negotiable note does not extinguish an antecedent debt which formed the consideration of it, except *sub modo.*

The endorsement of a promissory note to *A. B. or order, for value received,* transfers the legal title, in the note to the endorsee, which cannot be devested, except by cancelling the endorsement, or endorsing it again.

NEW-YORK,
May, 1818.
BURDICK
v.
GREEN.

tioned in the declaration were made before the 3d of *March*, 1812, on which day the defendant was discharged from his debts, as an insolvent, under the act of the 3d of *April*, 1811.   5.  To the first count of the declaration the defendant pleaded, that after the making the promissory note therein mentioned, and before the commencement of this suit, to wit, on the 21st of *June*, 1810, the plaintiff, in writing, endorsed it to *Joel Ketchum*, or order, and delivered it to him.   6.  To the third, fourth and fifth counts the defendant pleaded, that after the making the several promises in those counts mentioned, to wit, on the 21st of *June*, 1810, the defendant made his promissory note for the same identical promises, and delivered it to the plaintiff, by which note, for value received, he promised to pay the plaintiff, or order, 1525 dollars, on the first day of *August* then next, which note the plaintiff received in full satisfaction of the said promises, and that the plaintiff, afterwards, endorsed and delivered it to *Joel Ketchum* for value received.

The plaintiff replied, 1.  To the second plea, the issuing a *capias ad respondendum* within six years.    2.  To the fifth plea, the plaintiff replied the re-assignment from *Ketchum* of the note.   3.  To the sixth plea the plaintiff replied, that after the twenty-first of *June*, 1810, and before the commencement of this suit, to wit, on the 31st of *July*, 1816, *Ketchum*, by his instrument in writing under his hand and seal, assigned the said note, with all his right, title, and interest therein to the plaintiff; averring that the note had not been paid; whereby the endorsement to *Ketchum* became cancelled, and the plaintiff restored to all his rights in the premises, as though the endorsement had not been made.  4.  To the third and fourth pleas the plaintiff replied fraud in obtaining the discharge, and concluded to the country.

The defendant rejoined to the replications to the second and fifth pleas, taking issue thereon, and demurred to the replication to the sixth plea, assigning as special causes of demurrer, 1. That it was a departure from the third, fourth, and fifth counts of the declaration ; and, 2.  That it does not allege that the assignment was made or endorsed on the note, or that the endorsement made on the note was cancelled.   The plaintiff joined in demurrer.

NEW-YORK,
May, 1818.

BURDICK
v.
GREEN.

*Conklin*, in support of the demurrer, contended, that the replication to the sixth plea, did not sufficiently answer the material facts stated in the plea. (1 *Chitty. Pl.* 513.) Where a note is given for a precedent debt, it so far operates as an extinguishment, that the party cannot recover on the original consideration, unless he produces and cancels the note, or proves that it has been lost. (*Holmes* v. *D'Camp*, 1 *Johns. Rep.* 34. *Angel* v. *Felton*, 8 *Johns. Rep.* 149. *Pintard* v. *Tackington*, 10 *Johns. Rep.* 104.) By transferring the note, the plaintiff affirmed the fact of its being received in payment. There was a time, then, when the plaintiff had no right of action on the original contract, and that right cannot be revived by the act of the plaintiff merely.

*Z. R. Shepherd*, contra, insisted, that as the note had been re-assigned to the plaintiff, he was entitled to bring an action upon it. The plea of the giving a note was merely to defeat the action on the original contract. The plaintiff may strike out the endorsement, or he may produce and cancel the note at the trial.

SPENCER J. delivered the opinion of the court. The point is, whether an action of *assumpsit* can be maintained on the original cause of action, under the circumstances set forth in the 6th plea, with the additional fact, that the promissory note duly endorsed to *Ketchum* had been re-assigned to the plaintiff, under the hand and seal of *Ketchum*, by a distinct instrument.

There can be no doubt that the legal title in the note is in *Ketchum*, for the plea states the endorsement of the note under the hand of the plaintiff to *J. Ketchum*, or order, for value received; the transfer was thus complete, and nothing but the cancelling this endorsement, or *Ketchum's* endorsing it again, would devest him of the legal title. A note endorsed in blank may, or may not, be filled up, at the election of the endorser, but an endorsement in full, transfers the interest of the payee to the person named in the endorsement. (*Chitty on Bills*, 116, 117, 118.)

In *Holmes and Drake* v. *D'Camp*, (1 *Johns. Rep.* 35.) it was held, that though technically speaking, a negotiable note does

not extinguish an antecedent debt which formed its considera-tion, it was an extinguishment *sub modo;* and, as I understand that case, we adopted this rule, that when it appeared that a negotiable note had been given for a prior debt, that we would not suffer the plaintiff to recover on the original con-sideration, unless he showed the note to have been lost, or produced and cancelled it at the trial.

The plea in this case, therefore, is defective, as a bar to an action on the original consideration; for we have seen that the mere giving a negotiable note, or its endorsement to a third person, does not extinguish the original cause of action, provided the payee in the note can show it to be lost, or can produce it to be cancelled; and *non constat,* that it cannot be done in this case.

Judgment for the plaintiff.