JAMES CASSIN v. LAWRENCE DELANEY, and his wife.

The coercion of the wife which is supposed to exist in all cases of tort, committed by her in the presence, or by the direction, of her husband, and for which the husband alone is presumptively liable, is but a presumption of law, which may be repelled by proof.

And where the evidence justified the referee in his conclusion that the wrongful act of the wife was voluntary on her part, and was her individual act, and although in some respects done in the presence and company of her husband, yet was not done by his command or coercion,—*Held*, that the Court will assume as a matter of fact that the legal presumption of coercion of the wife has been repelled by proof.

The plaintiff was arrested and imprisoned at the instance of the defendant L. on a charge of embezzlement. On the examination before the police justice, the plaintiff was discharged on the ground that the money alleged to have been embezzled by him was not the property of L. but of his wife. The defendant L. went for his wife, who appeared and made her complaint and the plaintiff was detained until he procured bail,—*Held*, in an action for the last arrest, that the wife being proved to have acted voluntarily and without the coercion of her husband, the husband and wife were properly joined as parties defendant.

*Held, further*, that the damages arising from the first arrest ought not to be blended with those of the second arrest, and the referee having evidently done so, the Court, on appeal, will reduce the amount of the judgment, or reverse it.

APPEAL by the defendants from a judgment rendered on the report of a referee.

The action was for maliciously procuring the arrest and imprisonment of the plaintiff, on a charge of embezzlement.

The facts are fully stated in the opinion of the Court.

Cassin v. Delaney.

*Beebe, Dean & Donohue*, for appellants. .
*Andrew Blake and E. W. Dodge*, for respondents.

By the Court.—Hilton, J.—The defendants were sued jointly for maliciously procuring the arrest and imprisonment of the plaintiff, on the 21st day of November, 1855. The proof, on the trial before the referee, showed that the plaintiff was first arrested on the 20th of November, at the instance of the defendant Lawrence Delaney; that he was imprisoned for that night, and in the morning, on being brought before the police justice, was discharged, because it appeared that the money which it was alleged the plaintiff had embezzled did not belong to the defendant Lawrence, but was the property of his wife. He therefore went for her, and she came before the justice and made her complaint for the embezzlement. The plaintiff being still in the court room, was informed by the justice that he could not depart until he gave bail for his appearance on the charge. He did so, and then left, and it is for this last arrest the present action is brought, it appearing that Ann Delaney subsequently went before the Grand Jury to procure the plaintiff's indictment on the charge she thus made, when her complaint was dismissed. On the proofs the referee held the defendants jointly liable, and reported in the plaintiff's favor, fixing his damages at one thousand dollars.

On the argument of this appeal it is contended on behalf of the defendants,

1st. That as it appeared the wife made the complaint in the presence of her husband, it must be presumed to have been so made by his coercion and command, and therefore he alone is liable.

2d. That the damages awarded are excessive, it being manifest that the referee has mingled the injuries arising from the first arrest and imprisonment at the instigation of the husband, with the subsequent arrest on the complaint of the wife: the latter constituting the only ground for the present action, and the former being the subject of another suit pending against the husband alone.

It is undoubtedly the rule that for the torts of the wife committed during coverture, in the company or by the order or direction of the husband, he alone is presumptively

Cassin v. Delaney.

liable; while for the torts committed by the wife alone, they are jointly liable, and she must be joined with her husband in any suit respecting them. But it is also true that the coercion of the wife, which is supposed to exist in all cases of tort committed in the presence or by direction of the husband, is but a presumption of law, and like all other presumptions may be repelled by proof. 2 Kent Com. 150; Bacon ab. tit. Barron & Feme; Reeve's Domestic Rel. 74.

Here, the testimony appears to have been sufficient to have justified the referee in concluding that the wrongful act of the wife was voluntary on her part and was her individual act, and although in some respects done in the presence and company of her husband, yet not done by his command or coercion; we must, therefore, assume that the referee found as matter of fact, from the evidence, that the legal presumption of coercion of the wife had been repelled by proof.

We think, however, that the other objection respecting the excessiveness of the damages awarded, is well grounded. The referee has evidently blended the injuries arising from both arrests, and awarded damages for both in the present action. We say, evidently, because it cannot be, with an action pending for the recovery of damages for the first imprisonment, and which really constitutes the only serious injury the plaintiff has sustained at the hands of the defendants, individually or jointly, a recovery of one thousand dollars, in the present case can be justified.

Under the circumstances, therefore, the judgment must be reversed, and new trial ordered on payment of costs, unless the plaintiff consents to reduce his recovery to two hundred and fifty dollars.

Ordered accordingly.