THE AUBURN CITY NATIONAL BANK, Responaent, v. ELIAS
HUNSIKER et al., Impleaded, etc., Appellants.

Defendants H. and E. were accommodation indorsers upon a promissory
note discounted by plaintiff. When it became due, the agent of the
maker presented to the bank for discount another note, as a renewal
of the first. This was declined, upon the ground that it was not indorsed
by H. and E. The agent promised that they would call and indorse the
note, and the new note, with the amount of the discount, was left with
the bank; it was entered by the book-keeper on the books of the bank,
the discount passed to the credit of the discount funds, and the first note
marked on the books "paid." These entries were explained as having
been made in anticipation that the promise would be performed. The
original note was retained by the bank. The same promise was sub-
stantially made upon the presentation of a second renewal note when
the first fell due, with an excuse for a failure to perform the first prom-
ise; the second note with discount was received, and entries made
similar to those in reference to the first. In an action upon the
original note, *held*, that while some of the facts proved tended strongly
to show that the renewal notes were received and discounted, and the
original note taken up, yet they were not so conclusive as to make the
question one of law; but, with the other evidence, presented a question
of fact, the determination of which to the contrary by the trial court,
could not be interferred with by this court.
*Place* v. *McElwain* (38 N. Y., 96) and *Pratt* v. *Tooke* (9 id., 463), dis-
tinguished.

(Argued January 17, 1878; decided January 29, 1878.)

·APPEAL from judgment of the General Term of the
Supreme Court, in the fourth judicial department, affirming
a judgment in favor of plaintiff, entered upon a decision of
the court on trial without a jury, and affirming an order
denying a motion for a new trial.

This action was upon a promissory note, made and
executed by the Skaneateles Iron Works and indorsed,
among others, by defendants, Elias Hunsiker and George
H. Earll, for the accommodation of said corporation, and
discounted by plaintiff.

The defense was that after the indorsers were duly charged

the note was paid by the substitution of a renewal note, not indorsed by the defendants, and the payment of the discount, and when this first renewal note became due, the discounting of another note, to take up the first renewal note, which second renewal note was also without the indorsement of the defendants.

The court found, among other things, in substance, that at, about or shortly after the maturity of the note in suit, the maker, by its treasurer, C. D. Bean, presented to the plaintiff another note dated September 19, 1872, and in all other respects precisely like said first note, except the indorsements of the defendants Earll and Hunsiker, and requested the plaintiffs to take the same in renewal of said first note. The plaintiffs refused without the indorsement of Earll and Hunsiker. That thereupon Bean left the second note with the plaintiff, together with a sum which would amount to the discount thereon, saying he would procure Earll and Hunsiker to call at the plaintiff's bank and indorse the same as they had agreed. That thereupon, and solely in anticipation that said indorsements would be made, the plaintiff's book-keeper entered said second note on the books of the plaintiff. That at or about the maturity of the second note, the same not having been indorsed by Earll and Hunsiker, the said iron works, by their treasurer, presented the plaintiff another note dated November 21, 1872, and in all other respects precisely like said second note, and requested the plaintiff to take the same in renewal of said first note. This the plaintiff refused to do, unless the indorsements of said Earll and Hunsiker were procured thereon. Said Bean therefore took said second note and left said third note with the plaintiff, together with a sum which would amount to the discount thereon, saying, he would have said Earll and Hunsiker call at the plaintiff's bank and indorse the same, alleging some excuse why they had not already done so. That neither Earll nor Hunsiker ever called or indorsed said third note. That said first note has not been paid or renewed, or the payment thereof extended in any manner. That neither said second

or third note was discounted by the plaintiff or taken in renewal of said first note.

Further facts appear in the opinion.

*George Barrow*, for appellants. There being no conflict or uncertainty of evidence, the conclusion to be drawn from the facts proved was a question of law reviewable in this court. (*Pratt* v. *Foote*, 9 N. Y., 463; *Fellows* v. *Northrup*, 39 id., 117.) The indorsers were discharged on the ground of extension to the makers, or on the ground of the suspension of the plaintiff's remedy on the note. (*Place* v. *McElwain*, 38 N. Y., 96, 99.) The agreement under which the renewal notes were received was immaterial, because the bank afterwards took the notes, entered them upon its books, marked the preceding notes as paid in the regular course of business, and it is concluded by such entries. (*Pratt* v. *Foote*, 9 N. Y., 463, 467, 468; *Myers* v. *Welles*, 5 Hill, 463; *Hart* v. *Hudson*, 2 Denio, 294; *Dorlon* v. *Christie*, 39 Barb., 610; *Oddie* v. *Nat. City Bank of N. Y.*, 45 N. Y., 755; *Miller* v. *McCann*, 7 Paige, 454.)

*W. E. Hughitt*, for respondent. The entries upon plaintiff's books were private memoranda, and open to explanation. (1 Keyes, 532; 52 N. Y., 570.) It did not matter whether the Skaneateles Iron Works were solvent. (53 Barb., 142; 52 N. Y., 138.) The facts found justified the conclusion of law. (*Pratt* v. *N. Y. C. Ins. Co.*, 55 N. Y., 505, 510.)

Miller, J. This case involves a question whether there was an extension of the time of payment of the note upon which this action was brought, and a suspension of the right of action on the same, by the substitution of a renewal note not indorsed by the defendants, and when this renewal note became due by the discounting of another note to take up the first renewal note, which also was without the indorsement of the defendants, who have appealed.

The judge upon the trial found that the first note was not paid or renewed in any manner, and that neither the second nor third note was discounted by the plaintiff or taken in renewal of the first note. I think that these findings are sufficiently supported by the testimony. The proof shows that when the agent of the iron company presented the first renewal note to be discounted, his proposition was declined upon the distinct ground that the note had not the indorsement of Hunsiker and Earll. The agent then stated that they were to have been on, and said that they would call in and indorse the notes. The same promise was substantially made upon the presentation of the second renewal note, and an excuse given why it had not been done. The payment of the discount, it appears, was made upon the same condition, and the facts in connection with the retaining of the possession of the old note tend to establish an agreement that each of the renewal notes were received, and agreed to be discounted only upon the condition stated. The entry on the books of the plaintiff shows, on its face, that the renewal notes were discounted, and that both the original and the second note were paid, and is a strong circumstance against the conclusion that the renewal notes were received conditionally; but this fact was subject to be, and as the finding of the judge shows, was explained by evidence to the effect that these entries were made by the book-keeper, and, it is claimed, in anticipation that the agreement would be perfected by the indorsement of the two defendants named. It must be confessed that the testimony is not very satisfactory; but if we allow full credit to the explanation given for the entries made, I do not see why it is not sufficient. Such a state of facts might well exist in entire harmony with the theory that no extension of the time of payment was made, and conceding that such was the case the finding of the judge would be justified.

The counsel for appellants claims that the notes were and must have been received upon some agreement, and that this is expressed in the testimony of the cashier, who, in

answer to the question put, how the entries came to be made in the book, answered: Because Bean told him that the indorser would come in, in a day or two, and indorse. This answer should be considered in connection with all that transpired, and, among other things, with the explanation subsequently given to the effect that the entry was made by the book-keeper as well as the other circumstances. Certainly the testimony referred to was not entirely conclusive, and was for the judge to pass upon in connection with the other evidence upon the trial. Although the circumstances are quite strong to show that the second and third notes were discounted and the previous note taken up, yet there was an explanation of these facts, which, if believed, tended very much to support the finding of the judge, and we are not at liberty to disturb the same.

The appellants' counsel also relies upon the case of *Place* v. *McIlvain* (38 N. Y., 96). We think that there is a distinction between that case and the one at bar, which renders it inapplicable here. The plaintiff there received a letter containing a check, post-dated, in payment of a note which was protested, which check he was requested to keep, and when paid the maker stated he would call for the note. The check was retained until maturity and then presented for payment and refused, and it was held that the right of action was suspended and the defendant discharged. The decision is put upon the ground that in the letter containing the check was a request to the makers to retain the check until maturity, and by doing so and presenting it for collection they assented to such request, and they were not at liberty to retain it without notice to the maker and without such assent; and after having done so, it was not competent to allege that they retained it for some other purpose, of which the maker had no knowledge and to which they never assented.

In the case at bar, there was no such unqualified retention of the new notes as there was of the check in the case cited, and there was evidence tending to establish that they were

left and retained conditionally, with no intention on the part of the plaintiff to accept the same absolutely in the place of the old note. No case is cited which holds as a matter of law under such circumstances that the renewal notes, or either of them, extended the time of payment, and suspended the right to prosecute the same.

There is no question of estoppel in the case, and no ruling as to the evidence which requires examination.

The opinion of the General Term by TALCOTT, J., with which we concur fully, covers the questions raised, and the judgment must be affirmed, with costs.

All concur, except CHURCH, Ch. J., dissenting.

Judgment affirmed.

Upon a motion subsequently made for a reargument, the following opinion was handed down:

MILLER, J. The motion for a reargument in this case is made upon the supposition that the court upon the argument of this appeal overlooked the fourth point in the appellants' brief, and also that it misapprehended the facts and findings. This point was not overlooked, and the authority cited under it and on which the defendant relies (*Pratt* v. *Foote*, 9 N. Y., 463), is clearly distinguishable from the case at bar.

It will be found upon a critical examination of that case, that the learned judge who wrote the opinion, and whose language we quote, makes a distinction " between the acceptance of a creditor from his debtor of a new security or obligation for an old debt, and the acceptance by a bank of a check drawn upon itself in payment of a note." The transactions are entirely different. The former is a mere substitution of one agreement or obligation for another. In such a case there is no extinguishment of the precedent debt, unless there is an express agreement to accept the new obligation or security as a satisfaction of the old. One executory agreement is not a satisfaction of another, unless by virtue of some

contract between the parties, and this contract cannot be inferred, but must be proved by evidence.

What is said in the opinion as to the force of the entries on the books of the bank, and the waiver of the acceptance of the check as shown by the entries, might well apply to a check taken under the circumstances stated, while it has no application to a promissory note. So, also, as is stated in the opinion, the check being left to await the decision of the officers of the bank, as to whether they would receive it or not, it was only necessary to constitute the agreement that the bank should waive the objection which was done by the entry on the books. The entry, in the case cited, was made for the purpose of completing the agreement, while as the findings and facts show it was done only formally in the case at bar with no such intent. For the reasons stated, the case cited, therefore, is not in point, and cannot affect the decision of the case at bar.

That there was a misapprehension of the facts and findings, either by the court or by counsel, is quite evident, but we think it is very plain that it was upon the part of the counsel.

The appellants' counsel alleges, as a second ground for a reargument, that there was no finding; that the entries on the books of the plaintiff were the result of fraud or mistake. Although there was no such distinct finding, it was proper to presume it, as it was warranted from the facts which appeared. The finding of the judge that the note in suit was not paid, and that the second and third notes were not discounted by the plaintiff, or taken in renewal of the first note, would uphold such a presumption. If the appellant had desired a finding to the contrary, he should have made a request for such finding upon the trial, and not having done so, is not at liberty to raise the point now.

As the general scope of the opinion covered all the questions in the case, it was not necessary to consider more particularly the fourth point, or to comment upon the authority which we have examined upon this motion.

We are of the opinion that no ground is shown for a reargument within the rule applicable to such a motion. (See 59 N. Y., 73.)

The motion must, therefore, be denied, with ten dollars costs.

All concur.

Motion denied.