GEORGE FULLER *et al.*, Appellants, *v.* WILLIAM I. NEGUS *et al.*, Respondents.

*Supreme Court, First Department, General Term, January 24, 1890.*

1. *Sale. Notes.*—Where goods are sold without credit and subsequently promissory notes of the vendor are given for the purchase price, the mere acceptance of the notes does not extend the time of payment, and an action for goods sold may be maintained before their maturity on their production and offer of surrender.
2. *Same.*—To produce an extension of time in such case, there must be an agreement, resting upon a good consideration, to accept the notes in satisfaction of the claim.

Appeal from circuit court, New York county.

Action by George Fuller and others against William I. Negus and another, to recover for goods sold and delivered. Plaintiffs appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Arthur Furber*, for appellants.

*William F. MacRae*, for respondents.

DANIELS, J.—The cause of action included in this action, as it was set forth in the complaint, was for goods sold and delivered by the plaintiffs to the defendants between the 1st of September, 1887, and the last day of January, 1888, amounting to and of the value of $7,368.25. The answer did not deny the sale or delivery of these goods, but by way of defense it stated that the goods were sold on a credit

which had not expired at the time of the commencement of the suit. There was no proof upon the trial that the goods, or any part of them, had been sold or delivered on credit; and without that proof it is to be inferred, from the admissions resulting from the answer, that no credit whatever was allowed upon the sale of the goods. But evidence was given by one of the plaintiffs, who was called and examined as a witness for the defendants, establishing the fact that seven notes had been given by the defendants for the indebtedness created by the sale of the goods. These notes were given between the 28th of October, 1887, and the 25th of January, 1888. Neither of the notes had become due at the time when the suit was commenced. But this witness, in addition to the fact of the making and delivery of the notes by the defendants, testified that they were not given at the time the sales were made, and they were no part of the agreement of sale. This evidence was in no manner questioned or contradicted upon the trial. And it is to be inferred from it, and the statements contained in the complaint and the answer, and the absence of proof to the contrary, that the goods were not sold upon a credit, but that the indebtedness thereby created matured as the sales and deliveries in fact took place; and that these notes were respectively given after the sales had taken place for which they were received, and after the indebtedness in that manner created had matured and become due. The same grounds have been taken in favor of the direction at the trial for a verdict in favor of the defendants as have been considered in the case of Graham *v.* Negus, *ante*. The authorities were there considered to entitle the plaintiffs to maintain an action for the purchase price of the goods, notwithstanding the fact that the debtor's notes were afterwards made and delivered to them for the same indebtedness, payable at future periods of time. That is practically the point upon which the disposition of this case also depends, for there was no agreement entered into between the parties by which the defend-

ants were given an extension of the time for the payment of the indebtedness until the notes should respectively mature. Neither was there any consideration passing between these parties for which the notes were in fact received by the plaintiffs; and, as the notes were produced and offered to be surrendered upon the trial, that fulfilled the extent of the plaintiffs' legal obligation, and entitled them to recover the amount owing to them upon the sale and delivery of the goods. The case was disposed of at the trial upon the application of each party for the direction of a verdict, and an exception was taken to the direction of a verdict in favor of the defendants. This direction, as the facts appeared from the proof, was not supported by the law, and the judgment should be reversed, and a new trial ordered, with costs to the plaintiffs, to abide the event.

All concur.

---

S. OTIS LIVINGSTON, Appellant, *v.* WILLIAM I. NEGUS *et al.*, Respondents.

*Supreme Court, First Department, General Term, January, 24, 1890.*

*Appeal. Direction of verdict.*—When the court directs a verdict in favor of the plaintiff for a certain amount, the presumption is, where the case does not state that it contains all the evidence, that it is directed for all that he is entitled to recover.

Appeal from a judgment recovered on the direction of a verdict at the circuit.

*Arthur Furber*, for appellant.

*William F. MacRae*, for respondents.