# DECISIONS IN CASES NOT REPORTED.

John D. Babcock and Others, Respondents, v. William J. Kuntzsch, Appellant.— Judgment and order affirmed, with costs.— Opinion by Hardin, P. J. Verdict directed at the Onondaga County Court for the plaintiffs for $472.84. Motion for a new trial was made upon the minutes and denied, and judgment entered upon the verdict. Defendant appeals from the judgment and the order. Plaintiffs entered into a contract with the defendant for the sale of billiard and pool tables and their appurtenances to the defendant. An action to recover a balance upon the contract was brought in a Municipal Court, and a judgment was rendered in favor of the plaintiffs for $41.36 damages, besides costs. Plaintiffs appealed for a new trial in the County Court of Onondaga county. At the close of the evidence the court directed a verdict in favor of the plaintiffs for $472.84. In September, 1892, the plaintiffs entered into a contract with defendant for the sale of the property mentioned, at the agreed price of $1,200. Defendant, at the time of the delivery, which occurred in October of that year, paid $125, and agreed to pay the further sum of $50 per month until the full sum should be paid. Plaintiffs also held a demand of $8.73 against the defendant. Defendant's answer consisted of general denial; allegation of payment; "breach of contract; breach of warranty; special contract executed September 17, 1892." Upon the trial defendant asked to go to the jury " upon the question as to whether plaintiffs and defendant by parol agreement extended the contract—the payment of the money therein mentioned—until after the commencement of this action." Also as to whether all the payments specified in the contract " were not extended until a week after the second day of January, after the commencement of this action." Also, "whether the time to make the payments under the contract has not been extended." The requests were denied and an exception taken, and a verdict directed for the plaintiffs for the amount shown to be due the plaintiffs by the evidence.—

HARDIN, P. J.: No valid extension of the time of payment was shown by the evidence to have taken place prior to the commencement of the action. In *Miller* v. *Holbrook* (1 Wend. 317) it was held that a promise to extend was not valid unless founded upon a good and sufficient consideration. Also, " the promise of a maker to pay part of a note when due, and payment in pursuance thereof, is not such sufficient consideration." In *Gibson* v. *Renne* (19 Wend. 389) the question of the sufficiency of a consideration to support a promise was raised, and in dealing with it BRONSON, J., said: " The debt was due; the debtor says to the creditor, you promised, in consideration that I would discharge in part an existing and present duty, that you would give further time for the satisfaction of the residue. I cannot understand how this makes a good consideration for a promise. The discharge of a legal obligation by the debtor to the creditor cannot be such an injury to the one, or benefit to the other, as will make what the law calls a suf-

ficient consideration for an agreement." In *Parmelee* v. *Thompson* (45 N. Y. 58) it was held, viz.: " A promise to extend the time of payment of a debt is void unless founded upon a good consideration; and a payment of a part of the debt or the interest already accrued, or an agreement to pay interest for the future, is not a sufficient consideration for such a promise; nor will the giving of a new obligation with additional security for a part of the debt be a good consideration for a promise to extend the time as to the residue. The discharge of a legal obligation by a debtor to his creditor is not a sufficient consideration for the promise of the latter." In *Manchester* v. *Van Brunt* (19 N. Y. Supp. 687) it was said: " The promise to extend the time of payment of the note was void unless founded upon a good consideration, and the payment of $100, part of the amount due on the note, was not a good consideration for such promise." In *Graham* v. *Negus* (55 Hun, 443) it was said: " If the promises to pay in the future had been verbal only, as there was no consideration to sustain them, the plaintiffs, after accepting them, would have been at liberty at once to disregard the promises and commence an action for the recovery of their debt." In Randolph on Commercial Paper (Vol. 2, § 964, p. 650) it is said: "An agreement for extension, to have such effect, must have a new and valid consideration, and without such consideration it will not discharge the surety." In *Pabodie* v. *King* (12 Johns. 426) a partial payment was made upon the plaintiff's debt, and it was claimed there was an agreement in consideration thereof to " forbear to sue." The court said: " The promise to forbear was a *nudum pactum*. In paying the fifty dollars, King did no more than he was legally bound to do; and the promise on the part of Pabodie was without any benefit to him, and occasioned no loss to King." We think the evidence in the case in hand fails to show a valid extension of time for payment of the indebtedness due from the defendant to the plaintiffs. The amount of the indebtedness in arrear was substantially admitted during the progress of the trial. We think the County Court committed no error requiring us to interfere with the verdict and judgment. Judgment and order affirmed, with costs. Martin and Merwin, JJ., concurred.