### SCHMIDT v. LIVINGSTON.

(Supreme Court, Appellate Term, First Department. April 27, 1896.)

PROMISSORY NOTE—PAYMENT—NEW NOTE BY INDORSEE.
   Where, after the transfer of a note by indorsement, the payee paid a part thereof to the holder, and gave him a new note for the balance, there being no surrender of the old note, and no additional security being given, the new note operates merely as a new promise, and not as a payment of the original note.

Appeal from city court of New York, general term.

Action by Bernard Schmidt against William Livingston and others to recover balance due on a promissory note. There was judgment for plaintiff, which was affirmed by the general term, and defendant Livingston appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

G. O. & L. S. Hulse, for appellant.

Ten Eyck & Remington, for respondent.

McADAM, J. The action is to recover a balance due upon a promissory note for $492, made by the defendant Livingston, December 27, 1893, to the order of David A. McLeod & Son, and payable three months after date at the West Side Bank. The payees transferred the note to the plaintiff for value, before maturity. The defense is that after the note became due McLeod & Son paid the plaintiff on account $250, and gave him a new note for the balance, and that said new note was accepted in satisfaction of the balance due on the old one. The infirmity in the defense is that the creditor did not surrender the old note, nor did he accept from the payees thereon any additional security; and the nature of the transaction suggests the mere giving of time to McLeod & Son, the payees and indorsers, to pay the old note,—a circumstance which did not in any manner prejudice the appellant, who was the maker thereof. If the plaintiff had surrendered or destroyed the old note (Kent v. Reynolds, 8 Hun, 559), or McLeod & Son had given additional security for the debt, so that the plaintiff had secured to himself some advantage he did not before possess, there might have been merit in the appellant's contention. All McLeod & Son gave was a new promise to pay an obligation on which they were already liable, and the debt could not be extinguished by a mere unperformed promise to discharge it. Cole v. Sackett, 1 Hill, 516. The plaintiff properly sued upon the old note, and surrendered the new one at the trial. Id. If McLeod & Son had paid the new note, there would have been an accord and satisfaction; but, as they did not, that question does

not confront us. Where a draft or note is taken for a present debt, —that is, one contracted at the time,—the presumption is that it was agreed to be taken in payment, and the burden of proving the contrary rests upon the plaintiff; while, if it was for a precedent debt, the presumption is that it was not taken as payment, and the onus of establishing that it was so taken rests upon the defendant. Gibson v. Tobey, 46 N. Y. 637, 640; Hall v. Stevens, 116 N. Y. 201, 22 N. E. 374. In Guilford v. Mulkin, 85 Hun, at page 491, 33 N. Y. Supp. 134, the court said:

"The note is but a written security for the debt, and only extinguishes it upon payment. The debt is not merged in the note. If the note is not paid when due, the security is dishonored, and the suspended time of payment ended, and the debt still remains, and the creditor can sue on the original obligation. If the debtor claims that his written promise to pay accomplished the payment, he must show that his promise has been performed. He cannot pay his debts with a broken promise."

Chief Justice Holt, in Ward v. Evans, 2 Ld. Raym. 930, held that "paper is no payment where there is a precedent debt, for when such is given in payment, it is always intended to be taken under this condition, to be payment if the money be paid thereon." The rule stated has been almost uniformly followed in this state. Noel v. Murray, 13 N. Y. 167; Gibson v. Tobey, 46 N. Y. 640; Hall v. Stevens, 116 N. Y. 201, 22 N. E. 374; Parrott v. Colby, 6 Hun, 55, affirmed 71 N. Y. 597; Iron Co. v. Walker, 76 N. Y. 522; Manufacturing Co. v. Connell, 88 Hun, 254, 34 N. Y. Supp. 717. The original demand is not extinguished, although it is expressly agreed to take the note in satisfaction (Cole v. Sackett, 1 Hill, 516), a doctrine reiterated and approved in Parrott v. Colby, 6 Hun, at page 58, affirmed 71 N. Y. 597, and in Waydell v. Luer, 5 Hill, 448, and Hill v. Beebe, 13 N. Y., at page 562. See, also, Hawley v. Foote, 19 Wend. 516; Frisbie v. Larned, 21 Wend. 450, 452; Tobey v. Barber, 2 Hare & W. Lead. Cas. (5th Ed.) 245. Some of the cases hold that the taking of a new note payable at a future day extends the time of credit until the new note falls due, and that giving a note for an open account is a good consideration for an extension. Place v. McIlvain, 1 Daly, 266; Maier v. Canavan, 8 Daly, 272; Fleischmann v. Stern, 90 N. Y., at page 115. Others hold that, in the absence of an express agreement or a new consideration, the mere acceptance of a note does not even produce that result. Graham v. Negus, 55 Hun, 440, 8 N. Y. Supp. 679; Cary v. White, 52 N. Y. 138; Halliday v. Hart, 30 N. Y. 474; Parmelee v. Thompson, 45 N. Y. 48; Bank v. Franklin, 55 N. Y. 235. Whatever the effect may be, the cases agree that the original debt is not extinguished, and that, if the note is not paid, it does not prejudice the remedies of the creditor on the original cause of action, provided he surrenders the note at the trial; and that is what the plaintiff did here. Burdick v. Green, 15 Johns. 247; Hughes v. Wheeler, 8 Cow. 77; Johnson v. Jones, 4 Barb. 369; Armstrong v. Tufts, 6 Barb. 432; Bank v. Dana, 32 Barb. 296; Armstrong v. Cushney, 43 Barb. 340; and kindred cases. The cases relied on by the appellant do not conflict with these views. In Pratt v. Foote, 9 N. Y. 463, a bank

received upon a debt a check drawn upon itself by one of its own customers. It charged the check in account, and thereby appropriated the drawer's funds to its payment. In Skinner Engine Co. v. Old Staten Island Dyeing Establishment, 12 Misc. Rep. 71, 33 N. Y. Supp. 82, the question was whether a plaintiff who accepted a diverted note in payment of a precedent debt became a bona fide holder, and the court held he did not. In Jaffray v. Davis, 124 N. Y. 164, 26 N. E. 351, the defendant, who was indebted on a bank account, gave his note for one-half the debt, secured by a chattel mortgage, under an agreement with the creditor that the same was to discharge the debt. Held, that the additional benefit to the creditor of the security was a sufficient consideration to support the agreement. Luddington v. Bell, 77 N. Y. 138, holds that the acceptance of the note of one partner of a dissolved firm for his share of the debt, followed by payment of the note, was a good accord and satisfaction. The court followed Waydell v. Luer, 3 Denio, 410, where the reason given for the ruling was that an individual note of one partner may be preferable to and a better security than a demand against the firm; for the court said "that it may frequently occur that a claim against a firm may in fact be worth less than if held against one of its members, not merely on account of the means of enforcing payment, but as to the availability of the fund out of which it is to be made." In reaffirming the same rule, the court, in Allison v. Abendroth, 108 N. Y. 470, at page 472, 15 N. E. 606, said:

"It is held that where there is an independent consideration, or the creditor receives any benefit, or is put in a better position, or from which there may be legal possibility of benefit to which he was not entitled except for the agreement, then the agreement is not nudum pactum, and the doctrine of the common law has no application."

The principles of these exceptional cases do not aid the appellant, for here there was no independent consideration, no benefit or possibility of benefit to the creditor, and he was not put in any better position than before. Livingston was liable to him as maker of the note, McLeod & Son as indorsers. Unlike partners, the maker and indorsers were severally as well as jointly liable (Code, § 454), and the payment of the $250 cash merely discharged pro tanto a duty owing, and does not arise to the dignity of a new consideration. Parmelee v. Thompson, 45 N. Y. 58; Tammien v. Clause, 67 Barb. 430.

The suggestion that the indorsers may have been discharged from the old note for want of notice of dishonor is effectually answered by their letter (Exhibit C), in which it is stated that the notice of protest was received, and there is no intimation that it was not timely given. No defense was established, and the court properly directed a verdict in favor of the plaintiff for the balance due.

It follows that the judgment must be affirmed, with costs. All concur.