### BLUM v. SADOFSKY et al.

#### (Supreme Court, Appellate Term. January 7, 1904.)

1. SALES—PAYMENT OF PRICE—NOTE OF THIRD PERSON.

Where a seller of goods accepted the note of a third person for goods sold, and the note was delivered contemporaneously with the sale, such acceptance created a presumption of payment for the goods.

2. SAME—FAILURE TO CALL WITNESS—PRESUMPTIONS.

Where, in an action for goods sold, defendant on a prior trial pleaded payment by the note of a third person, and plaintiff denied receiving such note, and endeavored to produce the maker, the fact that defendant on a subsequent trial failed to produce such maker did not raise such a strong presumption against him as to entitle plaintiff to the reversal of a judgment for defendant on the plea of payment.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Joseph Blum against Max Sadofsky and others. From a municipal court judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

¶ 1. See Payment, vol. 39, Cent. Dig. § 191.

Abraham B. Schleimer, for appellant.
Horace London, for respondents.

GREENBAUM, J.   This action was for goods sold and delivered. The defense was payment in the giving of a note of a third party. For the purposes of this appeal, it must be assumed that the justice found the facts upon which the judgment rests as testified to by defendants and their witnesses.   The facts, briefly stated, show that the note in question was given pursuant to an understanding had at the time of the sale of the goods that the goods were not to belong to defendants unless the defendants' note, which it had been originally agreed should be given, would be discounted by plaintiff's bank; that defendants gave their note upon the delivery to them of the goods; that plaintiff delivered the goods upon the understanding that they were not to be used unless the note would be discounted; that the note was returned to defendants, for the reason that plaintiff could not get it discounted, and a new note for $180, made by a third party, was given to plaintiff, together with a small sum in cash, which together amounted to the agreed price of the goods.   The plaintiff denied that he ever received any of the notes in question.   Defendants conceded that the note had never been paid, claiming that the note had been lost by plaintiff.

It is well settled that the acceptance of the note of a third party under an agreement that it shall be deemed payment of a debt, whether a precedent one, or contracted at the time of the delivery of the note, operates as a payment or satisfaction of the original debt.   Noel v. Murray, 13 N. Y. 167; Dibble v. Richardson, 171 N. Y. 131, 138, 63 N. E. 829.   It here appeared that the note was accepted for a debt contemporaneously contracted, and under the authorities a presumption of payment would thereupon arise.   Dibble v. Richardson, 171 N. Y. 138, 63 N. E. 829.   Upon the testimony presented, the court was warranted in sustaining the plea of payment.   The determination of the court that the note was given to plaintiff, notwithstanding his denial, left the plaintiff in the peculiar position of being unable to offer to surrender it at or before trial—an essential prerequisite to a recovery under the original obligation, even though it had not been satisfactorily established that it was not accepted in payment.   Schmidt v. Livingston, 16 Misc. Rep. 556, 38 N. Y. Supp. 746.

The exception taken to the exclusion of testimony presents no reversible error.

The point raised by appellant, that the defendants' failure to produce the maker of the note upon the trial raises so strong a presumption against them as to entitle plaintiff to a reversal of the judgment upon the facts, is stripped of all force, in view of the fact that it appears from the records that there had been a previous trial, when the plaintiff must have been fully apprised of defendants' plea of payment by note, and yet, upon so important an issue as was raised by plaintiff's denial of receipt of any note, he himself made no effort to produce the third party whose note it was claimed had been given to him.

The other points raised are without merit.

The judgment is affirmed, with costs.   All concur.