JACOB LEVINE, Respondent, *v.* JACOB FISHMAN, Appellant.

Supreme Court, Appellate Term, First Department, June 27, 1929.

*Jacob E. Rose*, for the appellant.

*Morris Richmond*, for the respondent.

PER CURIAM. By plaintiff's own story the indorsed notes were accepted by him conditionally. On demand he refused to give them up. He had no power to hold them for any other purpose than to consult his lawyer as to whether he would retain them. The retention as matter of law constitutes an acceptance of them as payment.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

BIJUR and PETERS, JJ., concur; CALLAHAN, J., dissents.

CALLAHAN, J. (dissenting). There is a presumption that notes of a third person taken for an antecedent debt are not intended to discharge such debt. (*Dibble* v. *Richardson*, 171 N. Y. 131, 138.)

The burden of establishing that the notes taken in the case at bar were intended to discharge the original debt was, therefore, on the defendant.

The intent of the parties was a question of fact.

The plaintiff's story was consistent with an agreement to treat the original debt as subsisting. The plaintiff may have had no right to treat the paper as his for the purpose of using it as evidence but such use would not preclude him from showing his purpose or amount to a legal acceptance of it in satisfaction of the original debt.

The notes were taken the latter part of February on the statement that plaintiff would consult his lawyer on the subject of their acceptance but that unless the lawyer so advised they would not be taken in satisfaction. On the twenty-second of March plaintiff advised defendant that he would not accept them as payment but retain them as evidence. The assent of the attorney was an agreed condition of the accord. The promise to return was collateral. These facts justified the court in finding that there was no payment or satisfaction of the claim sued on.

I vote for affirmance.